| | |
|---|---|
| JAMES E. LEAKS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court upon review of the Petition for Writ of Habeas Corpus [Doc. 1] filed on March 9, 2022[1] by James E. Leaks ("the Petitioner"). Also before the Court is the Petitioner's Motion to Show Cause [Doc. 5], Motion to Dismiss [Doc. 6], Motion to Suppress Evidence [Doc. 8], Motion to Dismiss Cestui Que Trust [Doc. 9], and Motion for Ex Parte Hearing [Doc. 10], also filed on March 9, 2022.

## I.   BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. The Petitioner was convicted of second-degree murder in the Mecklenburg

---

[1] The Petitioner states that his petition is filed pursuant to 28 U.S.C. § 2241. [Doc. 1]. However, the Petitioner appears to be challenging his conviction. Therefore, the Court will construe the petition as seeking habeas relief pursuant to 28 U.S.C. § 2254.

County Superior Court on August 3, 2018 and did not file a direct appeal. See [Doc. 6 at 1] of Case 3:19-cv-105 (W.D.N.C.).

The Petitioner previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on March 4, 2019. See [Doc. 1] of Case 3:19-cv-105 (W.D.N.C.). The Court dismissed the Petition on grounds that the Petitioner failed to exhaust his state remedies. See [Doc. 6] of Case 3:19-cv-105 (W.D.N.C.).

The Petitioner filed the pending habeas petition on March 9, 2022. [Doc. 1].

## II. DISCUSSION

### A. Initial Review of Petition for Writ of Habeas Corpus

Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be granted if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases directs the district court to properly examine habeas petitions and dismiss the petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

The Petitioner raises sovereign citizen arguments as the basis for challenging his conviction.[2] He alleges that the state prosecutor lacked jurisdiction over him and failed to state a claim against him. [Doc. 1 at 2-3]. He states that he has been "illegally and falsely imprisoned under wrongfully assumed powers..." and has been "held as collateral without his consent or a contract and against his will under threat, duress, and coercion." [Id.]. The Petitioner refers to himself as a "private citizen and national of the United States of America in the family of Nations" and an "aboriginal indigenous moor from the land known as North Carolina State where the people are sovereign by virtue with natural and unalienable birthrights." [Doc. 1 at 1-2, Doc. 1-3 at 2].

---

[2] "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013).

3

The Petitioner's claims are vague, conclusory, and unsupported by any sufficient factual allegations. The arguments presented by the Petitioner challenging the State's jurisdiction over him due to his status as a sovereign citizen have been repeatedly rejected by the courts as frivolous. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)(noting that "[r]egardless of an individual's claimed status ... as a 'sovereign citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily ..."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992)(rejecting defendant's claim that he was outside the court's jurisdiction as "completely without merit" and "patently frivolous"); United States v. Burris, 231 Fed. Appx. 281, 282 (4th Cir. 2007)(unpublished)(rejecting "as patently frivolous" the argument by criminal defendant that court lacked jurisdiction because of his status as Moorish American National).

The Petitioner fails to set forth any valid claim of relief under 28 U.S.C. § 2254 based on a state court's misapplication of federal law. As such, the petition is without merit and shall be dismissed.

B. **Miscellaneous Motions**

1. **Motion to Show Cause**

The Petitioner has filed a Motion to Show Cause in which he moves the Court for issuance of an order to show cause addressing numerous

4

issues, including why his criminal conviction should not be dismissed, why the State has jurisdiction over him, and why he is being illegally held. [Doc. 5]. However, as set forth above, the petition is subject to dismissal as frivolous and for failing to set forth any valid claim of habeas relief. As such, the Petitioner is not entitled to issuance of any show cause order and the Motion to Show Cause shall be denied.

### 2. Motion to Dismiss

The Petitioner has filed a Motion to Dismiss in which it appears he moves for dismissal of his criminal conviction for failure to state a claim, lack of service of process, improper venue, and lack of jurisdiction. [Doc. 6]. His motion is based upon his claims that he is a sovereign citizen and not subject to the State's jurisdiction over him. These arguments are frivolous and wholly without merit. As such, the Motion to Dismiss shall be denied.

### 3. Motion to Suppress Evidence

The Petitioner files a Motion to Suppress Evidence, in which he asks the Court to suppress evidence obtained against him. [Doc. 8]. The Petitioner's motion is frivolous and unsupported by any sufficient legal or factual basis. As such, the Motion to Suppress Evidence shall be denied.

5

### 4. Motion to Dismiss Cestui Que Trust

Petitioner files a Motion to Dismiss Cestui Que Trust, in which he moves the Court to dismiss the State's claims against him on grounds of lack of personal and subject matter jurisdiction, improper venue, insufficient service of process, failure to state a claim, and failure to join real party in interest. [Doc. 9]. The Petitioner's motion is frivolous and unsupported by any sufficient legal or factual basis. As such, the Motion to Dismiss Cestui Que Trust shall be denied.

### 5. Motion for Ex Parte Hearing

The Petitioner moves the Court for an ex parte hearing "at which [he] demands for all of his unalienable birthrights as they are protected and guaranteed under the immunity Clause of the Constitution of the United States." [Doc. 10]. The Petitioner's motion is based upon his arguments that the State court lacks jurisdiction over him as a sovereign citizen. The motion is frivolous and unsupported by any sufficient legal or factual basis. As such, the Motion for Ex Parte Hearing shall be denied.

## III. CONCLUSION

The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as frivolous and for failure to state a claim of habeas relief. The additional motions [Docs. 5, 6, 8, 9, 10] filed by the Petitioner are without

merit and shall be denied. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Motion to Show Cause [Doc. 5], Motion to Dismiss [Doc. 6], Motion to Suppress Evidence [Doc. 8], Motion to Dismiss Cestui Que Trust [Doc. 9], and Motion for Ex Parte Hearing [Doc. 10] are **DENIED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge